NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KEERUT SINGH, | No.   18-35303 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00822-RAJ |
| v. |  |
| FEDERAL AVIATION ADMINISTRATION, | MEMORANDUM* |
| Defendant-Appellee. |  |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 31, 2019**

Before:  FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Keerut Singh appeals from the district court's grant of summary judgment in favor of the Federal Aviation Administration (FAA). The facts are known to the parties, so we do not repeat them here.

I

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Singh claims that the district court did not properly interpret his request for "[a]ny and all records of aircraft[] flown in Snohomish County, WA over address 13910 12th Dr SE Mill Creek, WA 98012 and surrounding neighborhoods . . . ." According to Singh, the FAA should have liberally interpreted his request as asking for records of aircraft flying throughout all of Snohomish County, WA—not just over or near his residential address and the surrounding neighborhoods.

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, requires agencies to interpret requests liberally in favor of disclosure. *Yagman v. Pompeo*, 868 F.3d 1075, 1080 (9th Cir. 2017). However, even under the most liberal reading, the text of Singh's FOIA request plainly does not support Singh's preferred interpretation.

## II

Singh argues that the FAA violated FOIA because it did not conduct a physical search of its records. But Singh misunderstands the requirements of FOIA. After receiving a FOIA request, an agency must perform a reasonable search. 5 U.S.C. § 552(a)(3)(C); *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015). An agency can establish that it conducted a reasonable search through "reasonably detailed, nonconclusory affidavits submitted in good faith." *Zemansky v. U.S. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Here, the FAA submitted affidavits from three employees explaining in detail

the agency's response to Singh's request. The FAA narrowed its search down to the facility that was most likely to have responsive records. It then concluded that no FAA records were likely be responsive to the request because, as a categorical matter, the FAA typically did not collect information regarding an aircraft's location in relation to a residential address or neighborhood. At this point, the FAA reasonably ended its search because any additional efforts to look for relevant information would have likely proven futile. Expecting the FAA to take additional steps—such as individually examining each document maintained at the facility—would be unreasonable. Thus, the FAA established that it conducted a reasonable search in response to Singh's request.

According to Singh, the affidavits demonstrate that the FAA acted in bad faith because the FAA acknowledges that its records contain geographic information, such as flight routes. Singh alleges the FAA could have used this geographic data to piece together information that was responsive to Singh's request. However, FOIA does not require agencies to create new records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980). Even if the FAA could, as a technical matter, do what Singh is asking, it would have to review its records and create a new document, which is beyond what FOIA mandates.

III

The FAA properly interpreted Singh's FOIA request, and it conducted a

3

reasonable search for responsive records. Therefore, the district court did not err in granting summary judgment in favor of the FAA.

**AFFIRMED.**